**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------

UNITED STATES OF AMERICA     :
     :
     :
               Plaintiff,    :
     :       Civ. No. 04-5699 (DRD)
       v.            :
     :       **O P I N I O N**
     :
PORT LIBERTE CONDO I     :
ASSOCIATION, et. al,     :
     :
     :
             Defendants.   :

-------------------------------------------------------

Christopher J. Christie
United States Attorney
James B. Clark III
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

*Attorney for Plaintiff*


Michael F. Nestor, Esq.
LUM, DANZIS, DRASCO & POSITAN, LLC
103 Eisenhower Parkway
Roseland, NJ 07068-1049

*Attorney for Defendants*

1

**DEBEVOISE, Senior District Judge**

## I. PROCEDURAL HISTORY

Plaintiff, United States of America, filed a complaint on behalf of Paul Rock, claiming that his condominium association, Defendant Port Liberte Condo I Association ("the Association"), and the Association's property manager, Defendant Stanley Richter, unlawfully discriminated against him by denying him an adequate handicap parking space in violation of the Fair Housing Act ("FHA"). Mr. Rock initially filed his complaint with the United States department of Housing and Urban Development ("HUD"). Pursuant to the requirements of 42 U.S.C. §§ 3610(a)-(b) the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report.

The Secretary determined that reasonable cause existed to believe that a discriminatory housing practice occurred. Accordingly, the Secretary issued a Charge of Discrimination. Defendants elected to have the claims decided in a civil action. Thus, the Administrative Law Judge issued a notice of election and terminated the administrative proceeding. Thereafter, the Secretary of HUD authorized the Attorney General to commence a civil action on Mr. Rock's behalf. Thus, Plaintiff filed the above complaint and Defendants now move for summary judgement

## II. FACTUAL BACKGROUND

Mr. Rock moved into the Port Liberte condominium complex in 1998. At that time, he lived in a unit in building 206 and parked his car in the parking space assigned to that unit, number 96. In 2002 Mr. Rock moved to another unit located in building 208. That unit was assigned parking space number 3 but at the time Mr. Rock maintained control of space number

2

96 because his son still owned the unit in building 206.  Mr. Rock arranged to exchange space 96 with another resident for space 31, a space that is designated as a handicap space and is located directly adjacent to the entrance of building 208.  Ten months later, Mr. Rock's son sold the unit in building 206.  Mr. Rock claims that under the terms of that sale the unit in 206 would utilize space number 3 instead of space 96, the space originally assigned to that unit.  As such, Mr. Rock assumed he could continue the agreement that allowed him to use space 31 in exchange for space 96.  Shortly after purchasing the unit in building 206, the buyer complained to the Association and requested use of space 96.  The Association responded by ordering all residents to use the parking spaces assigned to the units in which they live.  Thus, the buyer gained use of space 96 and Mr. Rock had to use space 3.

Mr. Rock then formally requested that he be assigned a handicap parking space.  When the Association allegedly failed to assign him a handicap space, he filed his complaint with HUD.  In response to that complaint Mr. Richter assigned Mr. Rock to space 49, a space which the Association designated a handicap space.  In assigning Mr. Rock to space 49, the Association alleges that it solicited requests for handicap spaces from all residents and assigned such spaces on the basis of need and seniority.  Thus, all handicap residents were assigned a handicap space but preference was given to those residents who had lived in the complex for the longest amount of time.  Thus, a more senior resident, Ms. Burns, received space 31 and Mr. Rock was assigned to space 49.

Mr. Rock contends that space 49 is inadequate as it is further from his door and narrower than space 31.  The record shows that space 49 is sixty to seventy feet further from the entrance to Mr. Rock's building but that it is in fact wider than space 31 (space 31 is 11.8 feet wide and

space 49 is 12.3 feet wide).  Thus, the only material difference between the two spaces is the difference in distance from the building entrance.

### III.  STANDARD OF REVIEW

Summary judgment is appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law,"  Fed. R. Civ. P. 56(c).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party,"  *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law,  Id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment,  Id.   In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the nonmoving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor,'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999), quoting, Anderson, 477 U.S. at 255.  But where the nonmoving party bears the burden of persuasion at trial, "the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (U.S. 1986).

### IV.  DISCUSSION

Under the Fair Housing Act it is "unlawful to either: (1) 'discriminate in the sale or rental [of], or to otherwise make unavailable or deny, a dwelling[,]' to a handicapped person . . . or (2) 'discriminate against any [handicapped] person in the terms, conditions, or privileges of sale or

rental of a dwelling' . . . ."  Samuelson v. Mid-Atlantic Realty Co., 947 F. Supp. 756, 759 (D.

Del. 1996) (quoting 42 U.S.C. §§ 3604(f)(1)-(2).  Discrimination includes "a refusal to make

reasonable accommodations in rules, policies, practices, or services, when such accommodations

may be necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling." 42

U.S.C. § 3604(f)(3)(B).  Making reasonable accommodation "means changing some rule that is

generally applicable to everyone so as to make its burden less onerous on the handicapped

individual." Oxford House, Inc. v. Township of Cherry Hill, 799 F. Supp. 450, 462 n.25 (D. N.J.

1992).  Furthermore, "'affirmative steps are required to change rules or practices if [such steps]

are necessary to allow a person with a disability an opportunity to live in the community.'"

Samuelson, 947 F. Supp. at 759.

"The reasonable accommodation inquiry is highly fact-specific, requiring a case-by-case

determination." Hovsons, Inc. v. Township of Brick, 89 F.3d 1096, 1104 (3d Cir. 1996).  In

determining whether an accommodation is reasonable there are "two countervailing legislative

concerns: (1) effectuation of the statute's objectives of assisting the handicapped; and (2) the

need to impose reasonable boundaries in accomplishing this purpose." Id.  Although "the

FHA[]'s reasonable accommodation requirement can and often will involve some costs," the

imposition on the burdened party should not pose an undue burden, be it financial or otherwise.

In Congdon v. Strine, 854 F. Supp. 355, 363 (D. Pa. 1994), the court found that forcing a

landlord to install a new elevator at a cost of $65,000 was unreasonable.  As the court stated,

"forcing him to install a new elevator would . . . offend any decent respect for proportionality

given that the [disabled party] seek[s] a $ 65,000 capital expenditure when [she is] free to walk

away from [the landlord] on payment of only one month's rent."  The court further noted that the

5

landlord's offer to provide the disabled party with a first-floor apartment in the same building, or an apartment in another building that had a working elevator, constituted a reasonable accommodation.

"It has been recognized on numerous occasions that the FHA may, in certain cases, entitle a handicapped tenant to a reserved parking space adjacent to the tenant's dwelling." Sporn v. Ocean Colony Condo. Ass'n, 173 F. Supp. 2d 244, 249 (D.N.J. 2001). However, such a space is required only where it is necessary for the tenant to use and enjoy his dwelling, not where it is simply more convenient. In addition, the requested accommodation must be reasonable in that it must not pose an undue burden on the defendant.

In the present case, Defendants have provided Mr. Rock with a parking space that is sufficiently wide but the space is at least eighty feet from the door to his building whereas the one and only handicap space adjacent to his building, space 31, is only fifteen feet from the building entrance.

For purposes of this motion, Defendants have conceded that Mr. Rock is disabled. However, the extent of his disability is unclear. Defendants allege they have a video from a surveillance camera that shows Mr. Rock walking to and from his car with ease. On the other hand, Mr. Rock claims that his condition varies from day to day and that on some days he is severely limited, thereby making the walk from space 49 very painful. Thus, there is a factual issue as to the extent of Mr. Rock's disability and whether, given his condition, the additional distance between his building and his parking space poses a serious barrier to his use and enjoyment of his home.

One might argue that Mr. Rock's burden is trivial, no matter how severe his disability.

6

But Defendants' burden in accommodating Mr. Rock may be similarly trivial.  Defendants have

not shown that accommodating Mr. Rock would present them with an undue burden.  It remains

to be seen why Defendants cannot simply repaint the lines in the parking garage, at minimal cost,

thereby creating an additional handicap space adjacent to building 208, and shift several other

tenants down one space in order to provide Mr. Rock with a space that is close to his entrance.  If

such a solution is feasible then Defendants' burden would not be disproportionately high, even if

Mr. Rock's present burden is relatively low.  In fact, there may be good reason why such a

solution is unreasonable, but at the present time it remains an unresolved issue of material fact.

## V.  <u>CONCLUSION</u>

As the extent of Mr. Rock's disability and the reasonableness of his request are in

dispute, summary judgment is inappropriate.  Therefore, the court will deny Defendants' motion.

The court will enter an order implementing this opinion.


/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.



Dated:      December 20, 2005

7